UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIL CHOUCKEH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Defendant. | No. 2:12-cv-0088 DAD<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security (Commissioner) is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On January 14, 2008, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 1, 2000. (Transcript ("Tr.") at 12, 49.) Plaintiff's application was denied initially and upon reconsideration. (Id. at 20-21.) Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on August 19, 2010. (Id. at 176-

1  92.)  Plaintiff was represented by a client advocate and testified at the administrative hearing.  In
2  a decision issued on September 15, 2010, the ALJ found that plaintiff was not disabled.  (Id. at
3  19.)

        The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since January 14, 2008, the application date (20 CFR 416.971 *et seq.*).
>
> 2.  The claimant has the following medically determinable impairments:  mild degenerative disc disease lumbar spine, mild degenerative joint disease in the left knee, mild arthrodesis of the right shoulder, hypertension, mild scoliosis of the thoracic spine, obesity and right ear hearing loss (20 CFR 416.921 *et seq.*).
>
> 3.  The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments (20 CFR 416.921 *et seq.*).
>
> 4.  The claimant has not been under a disability, as defined in the Social Security Act, since January 14, 2008, the date the application was filed (20 CFR 416.920(c)).

(Id. at 14-19.)

        On November 16, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Id. at 4-6.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 11, 2012.

## LEGAL STANDARD

        "The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

        "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec.

Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ improperly evaluated plaintiff's impairments at step two of the sequential evaluation process and erred by failing to find that plaintiff had a severe impairment or combination of impairments. (Pl.'s MSJ (Doc. No. 15) at 4-5.[1])

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

3

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Id. (quoting Smolen, 80 F.3d at 1290). See also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard".); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

/////

Here, at the August 19, 2010 administrative hearing plaintiff testified that problems with her back, chest pains, inability to lift heavy objects and hearing loss in her right ear prevented her from working. (Tr. at 180.) An examination of plaintiff's medical records reveals the following. A March 3, 2008, imagining study of plaintiff's back found "some loss of disc height at all levels" and the presence of osteophytes, leaving the examiner with the impression of "[e]xtensive spondylytic changes . . . ." (Id. at 115.) A study of plaintiff's left knee from that same day found "mild narrowing of the medial joint compartment," as well as a "slight narrowing of the patellofemoral compartment," leaving the examiner with the impression of "[m]ild degenerative joint disease." (Id. at 116.) A May 12, 2008, echocardiogram revealed plaintiff had a "decreased left ventricular ejection fraction at 40% . . . mitral valve regurgitation [and] calcification of the aortic valve." (Id. at 154.)

An April 21, 2009, imaging of plaintiff's thoracic spine found "[m]oderate multilevel spondylosis" and "[m]ild multilevel degenerative disc disease," leaving the examiner with the impression of "[m]ild degenerative dextroscoliosis with multilevel degenerative disc disease." (Id. at 150.) That same imagining also found "[m]ild arthrosis of both acromioclavicular joints" of plaintiff's shoulders. (Id.)

In addition, the record reveals that plaintiff's treating physician, Dr. Mikhail Palatnik, provided his medical opinion as to plaintiff's functional limitations on April 25, 2008. In that opinion Dr. Palatnik stated that due to the "severity of lumbar x-ray findings" and "physical exam of affected areas" plaintiff's ability to walk, stand or sit was affected. (Id. at 111.) Dr. Palatnik also opined that due to degeneration in plaintiff's spine and knee, plaintiff's ability to lift or carry objects was affected. (Id.) In the light of the lumbar x-ray findings and physical exam, Dr. Palatnik also found plaintiff's reports of pain credible. (Id. at 113.) Addressing the issue of whether plaintiff's condition would likely improve, Dr. Palatnik opined that it would not. (Id.)

Finally, plaintiff's medical records reveal that a July 21, 2010, examination by Dr. Palatnik found "a large right tympanic membrane perforation" in plaintiff's right ear. (Id. at 167.)
/////

Auditory testing revealed that plaintiff suffered from a "20db neurosensory hearing loss" in her left ear and a "65db mixed hearing loss" in her right ear.  (Id. at 167.)

The ALJ, nonetheless, found that plaintiff did not have a severe impairment or combination of impairments, based on the ALJ's decision to assign minimal weight to plaintiff's subjective complaints and to Dr. Palatnik's treating opinion and instead credit the opinion of an examining physician.  (Id. at 16-18.)  In this regard, the ALJ found that Dr. Palatnik's opinions were not consistent with "mild findings found on radiological studies" and asserted that because Dr. Palatnik "noted an onset of 1993 that indicates he relied on claimant's subjected complaints rather than objective clinical findings, as he did not treat the claimant until recently."[2]  (Id. at 17.)

With respect to plaintiff's subjective complaints the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that plaintiff's statements concerning their intensity, persistence and limiting effects were not credible.  (Id. at 18.)  In essence, the ALJ found plaintiff to be "[o]verall . . . not credible."  (Id. at 19.)

An ALJ, however, can find that a claimant lacks a medically severe impairment or combination of impairments "only when his conclusion is clearly established by medical evidence."  Webb, 433 F.3d at 687 (quotation omitted).  On review, the court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the plaintiff] did not have a medically severe impairment or combination of impairments."

---

[2] The court notes that,

> [a] finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.  Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 . . . .  In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (quoting SSR 96-2p).

1   (Id.)  Here, based on the evidence noted above, there was at minimum conflicting evidence as to
2   whether plaintiff had a medically severe impairment or combination of impairments.
3   　　　　　　In this regard, setting aside the ALJ's discrediting of plaintiff's subjective
4   testimony and the medical opinion offered by her treating physician, in light of the medical
5   evidence noted above, it cannot be said that there was substantial evidence to find that the
6   objective medical evidence clearly established that plaintiff lacked a medically severe impairment
7   or combination of impairments.  See Webb, 433 F.3d at 688 ("There is not, in this instance, the
8   total absence of objective evidence of severe medical impairment . . . ."); see also Ortiz v.
9   Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total
10  absence of objective evidence of severe medical impairment that would permit us to affirm a
11  finding of no disability at step two.")[3]; Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005)
12  ("Because none of the medical opinions included a finding of impairment, a diagnosis, or
13  objective test results, Ukolov failed to meet his burden of establishing disability."); Lipinski v.
14  Astrue, No. CV 11-0693-TUC-RCC (JR), 2013 WL 1249226, at *7 (D. Ariz. Mar. 7, 2013) ("The
15  types of claims that are screened-out at step-two are those that allege impairments that are so
16  minimal they could never prevent a person from working."); cf. Ortiz 425 Fed. Appx. at 655
17  ("Ample authority cautions against a determination of nondisability at step two."); Yuckert v.
18  Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the
19  Secretary's application of regulations, numerous appellate courts have imposed a narrow
20  construction upon the severity regulation applied here.").
21  　　　　　　Accordingly, the court finds that plaintiff is entitled to summary judgment in her
22  favor with respect to her claim that the ALJ erred by failing to find that plaintiff had a severe
23  impairment or combination of impairments.[4]
24  /////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[4] This is not to "intimate that [plaintiff] will succeed in proving that [s]he is disabled and entitled to disability insurance benefits." Webb, 433 F.3d at 688.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, the ALJ erred at step two of the sequential evaluation by finding that plaintiff did not have a severe impairment or combination of impairments and, therefore, failed to proceed with the sequential evaluation process. This matter must be remanded for further administrative proceedings so that the ALJ may correct the errors noted above and continue with the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920, if necessary. See Vasquez v. Astrue, 572 F.3d 586, 596 (9th Cir. 2009) (remanding for further proceedings where evidence suggested that plaintiff had severe mental impairment and where that mental impairment was not accounted for in ALJ's RFC determination at step four).

Accordingly, in accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 15) is granted;

2. Defendant's cross-motion for summary judgment (Doc. No. 16) is denied;

3. The decision of the Commissioner of Social Security is reversed for the reasons indicated above; and

4. This case is remanded for further proceedings consistent with this order.

Dated: September 10, 2013

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\chouckeh0088.ord.docx